**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5226-18T1

AUGUSTINE DORCELY,

    Plaintiff-Respondent,

v.

300 BROADWAY
HEALTHCARE CENTER, d/b/a
NEW VISTA NURSING AND
REHABILITATION CENTER,

    Defendant-Appellant,

and

UNITED HEALTH PLUS, d/b/a
QUALCARE, and SAINT
BARNABAS MEDICAL
CENTER,

    Defendants.

_____

        Submitted March 10, 2020 – Decided April 23, 2020

        Before Judges Yannotti and Firko.

        On appeal from the Superior Court of New Jersey, Law
        Division, Essex County, Docket No. L-6569-16.

Fox Rothschild LLP, attorneys for appellant (Marc J. Gross, of counsel and on the briefs; Jordan B. Kaplan and Victoria T. Salami, on the briefs).

Heinkel Law LLC, attorneys for respondent (Daniel W. Heinkel, on the brief).

PER CURIAM

Defendant 300 Broadway Healthcare Center, LLC, appeals from a June 19, 2019 order entered by the Law Division denying its motion to vacate judgment. We affirm.[1]

## I.

We derive the following factual history from the motion record. The underlying matter was an action brought by plaintiff Augustine Dorcely, a former employee of defendant, for reimbursement of unpaid healthcare bills. Plaintiff underwent medical procedures at Saint Barnabas Medical Center and requested that the hospital obtain precertification beforehand. Relying upon a statement that precertification would be obtained, plaintiff underwent the medical procedures.

---

[1] In the opinion, "defendant" refers to 300 Broadway and "defendants" refers to 300 Broadway and United Health Plus.

Plaintiff's health insurance company refused to pay three of her bills in the amounts of $10,448, $31,430.40, and $6,598.40. In response, plaintiff filed a complaint against defendant, who was contractually obligated to provide medical coverage, and co-defendants. A claim for payment of $22,325 for medical bills from an unrelated 2008 accident was also demanded in the complaint.

Plaintiff's last day of employment with defendant terminated prior to January 31, 2016. On February 10, 2016, defendant entered into a Membership Interest Purchase Agreement (the Agreement) with its former owners, George Weinberger, Leon Goldenberg, and Hadassah Schwartz (the Weinberger parties), whereby the Weinberger parties agreed to indemnify defendant in connection with claims arising from defendant's operations prior to January 31, 2016.

After plaintiff commenced this action, the Weinberger parties refused to indemnify defendant. Thereafter, defendant filed a complaint against the Weinberger parties seeking to enforce the indemnification obligations under the Agreement.

Defendant's attorney, Ralph Ferrera, and his associates, attempted to negotiate a settlement with plaintiff that would defer any payments to her until

after the resolution of its lawsuit against the Weinberger parties. Defendant claimed a tentative settlement was reached, which was memorialized in a draft stipulation of settlement. In summary terms, the stipulation provided that defendant pay $5000 to plaintiff and United Health Plus would pay $1000, with the provision that defendant resolve any remaining obligation and indemnify plaintiff from any liability for a two-year period. However, defendant refused to execute the stipulation of settlement.

On December 15, 2017, counsel for United Health Plus advised the clerk of the court in writing that "[a]ll parties have settled this matter[,]" and withdrew his pending motion to withdraw from further representation of his client.

On March 28, 2018, plaintiff filed a motion to enforce the stipulation of settlement between the parties and compel payment of the agreed upon amounts. In his certification, plaintiff's counsel recited the terms of the settlement and averred that, "Three months have now elapsed since the stipulation [of settlement] was first circulated, and two months have now elapsed since a revised stipulation [of settlement] that addressed any reasonable concerns was provided to [defendant's] counsel."

On April 19, 2018, defendant filed opposition to the motion, stating its counsel sent a final version of what he believed the agreement was, the motion

4

should be denied, . . . "and the parties be given a final ten days to sit down and work out the trivial [terms]" of the agreement.[2]

On April 25, 2018, Ferrara's associate, Kevin Kotch, appeared at the motion hearing on behalf of defendant.[3] Kotch informed the trial judge that defendant accepted plaintiff's "proposed settlement agreement." The trial judge placed his decision on the record, granted plaintiff's motion to enforce the agreement, and entered a memorializing order that day.

Thereafter, Ferrara's relationship with defendant deteriorated and he applied to withdraw as counsel in related cases involving defendant but not the matter under review. Because Ferrara was still counsel of record for defendant as of November 2018, plaintiff's counsel served him with a copy of the notice of motion to enter judgment against defendants. Plaintiff's motion was based upon defendants' failure to perform their obligations under the revised stipulation of settlement.

On December 27, 2018, Ferrara sent a letter to the judge confirming that his colleague, Kotch, appeared in court on April 25, 2018, and represented "at

---

[2] The terms "stipulation of settlement" and "agreement" are used interchangeably throughout this opinion.

[3] The April 25, 2018 motion hearing transcript was not provided in defendant's appendix.

that point a settlement between the parties was reached." Ferrara further corresponded that there was a breakdown between the clients and other parties, leading to his withdrawing from multiple matters involving defendant. In addition, Ferrara indicated that he "assumed that the defendants would be proceeding in good faith in connection with the settlement." He did not file opposition to plaintiff's motion seeking to enforce the stipulation of settlement and entering judgment as required by Rule 1:6-2.

On January 4, 2019, the judge granted plaintiff's motion and entered an order for the entry of judgment. The preamble to the order states that notice of plaintiff's motion was provided to the Ferrara Law Group, and that defendants failed to make the settlement payments required. Judgment was entered in favor of plaintiff in the amount of $23,011.81, plus taxed costs, against defendant, and in the sum of $1000, plus taxed costs, against co-defendant United Health Plus.

In handwriting included on the order, the judge noted that the motion was "opposed" and he ordered that counsel for "300 Broadway Healthcare," the Ferrara Law Group, PC, be relieved from further representation.

On May 30, 2019, defendant's successor counsel filed a motion under Rule 4:50-1 seeking relief from the judgment, arguing that its prior counsel did not have authority to enter into the stipulation of settlement. The judge did not

A-5226-18T1

conduct oral argument. On June 21, 2019, the judge denied defendant's motion, concluding it "fail[ed] to set forth any reason that would justify relief under <u>Rule</u> 4:50-1. The movant's consent to enter into a settlement was previously considered by this court in January of 2019."

On appeal, defendant argues that the judge erred by refusing to set aside the judgment. Defendant claims it established that its former attorney did not have authorization to enter into the settlement.

## II.

A decision to vacate a judgment lies within the sound discretion of the trial judge, guided by principles of equity. <u>Housing Auth. of Morristown v. Little</u>, 135 N.J. 274, 283 (1994). <u>Rule</u> 4:50-1 allows a motion to vacate a judgment on several grounds. The ground in subsection (f) allows vacation for "any other reason justifying relief from the operation of the judgment or order."

Subsection (f) should be used "sparingly" and only "in situations in which, were it not applied, a grave injustice would occur." <u>Hous. Auth</u>, 135 N.J. at 286, quoted in <u>First Morris Bank and Trust v. Roland Offset Serv., Inc.</u>, 357 N.J. Super. 68, 71 (App. Div. 2003). Therefore, while the initial decision on an application under subsection (f) lies within the trial court's discretion, the

A-5226-18T1

appellate court will reverse where that discretion has been abused. <u>Mancini v. E.D.S.</u>, 132 N.J. 330, 334 (1993).

Defendant invoked subsection (f) of <u>Rule</u> 4:50-1 before the motion judge and asserts the same subsection of the <u>Rule</u> in its appellate brief. Under subsection (f), a catchall provision, relief is warranted for "any other reason . . ." and is appropriate "only when 'truly exceptional circumstances are present.'" <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 468 (2012) (quoting <u>Hous. Auth.</u>, 135 N.J. at 286). However, "[w]hile . . . useful, it is not absolutely imperative for the application to state the particular subsection pursuant to which relief from the judgment is sought." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3 on <u>R.</u> 4:50-1 (2020). Our careful review of the record reveals no exceptional or other circumstances were presented by defendant to warrant relief under <u>Rule</u> 4:50-1 or subsection (f) of the <u>Rule</u>.

Moreover, defendant never moved for reconsideration of the January 4, 2019 order under <u>Rule</u> 4:49-2, which provides that a motion for reconsideration "shall be served not later than [twenty] days after service of the judgment or order," and is not extendable. Nor did defendant ever file an appeal therefrom under <u>Rule</u> 2:4-1(a). On the contrary, defendant took no action until five months later.

Instead, defendant filed a self-styled as a motion to vacate judgment under Rule 4:50-1 motion, which is, in actuality, a Rule 4:49-2 motion filed out of time. Saliently, defendant failed to submit sufficient information to the judge showing that its attorney was not authorized to settle the case. Defendant simply asserted it never consented to the draft stipulation of settlement because it wanted to defer payment to plaintiff until its lawsuit against the Weinberger parties was resolved.

The record clearly shows that over a year earlier on April 25, 2018, defendant's former counsel represented that the matter was settled and submitted a proposed settlement agreement to the judge. The judge did not err by relying upon that representation. The issue was one for the judge to resolve as a matter of law, and he did so correctly. We conclude that the judge did not mistakenly exercise his discretion by denying defendant's motion to vacate judgment.

We have considered defendant's other arguments and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION